UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY L. SLAUGHTER,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　　Respondent. | Case No. 2:20-cv-1552-JAK-JC<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED |

## I.　PROCEEDINGS

On February 6, 2020, petitioner Terry L. Slaughter, a parolee who is proceeding *pro se*, signed and is deemed to have constructively filed a Petition for Writ of Habeas Corpus ("Petition"), which was formally filed on February 18, 2020.[1]  The Petition appears to challenge sentences imposed in two separate criminal cases: (1) a 26 years-to-life sentence for first degree murder with an enhancement for a prior prison term imposed on February 18, 1987, in Alameda County Superior Court Case No. 80264 ("1987 Case"); and (2) a 13 year sentence for rape in concert imposed on July 2, 1984, pursuant to a plea agreement in Los

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988).

Angeles County Superior Court Case No. A-369757 ("1984 Case").  (Petition at 2-3).  Petitioner challenges the validity of his plea in the 1984 Case, which was used to enhance his sentence in the 1987 Case, based on California Assembly Bill No. 1618 (enacting California Penal Code section 1016.8), which provides in relevant part:

> A plea bargain that requires a defendant to generally waive unknown future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may occur after the date of the plea is not knowing and intelligent. . . .  A provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy.

See Cal. Penal Code § 1016.8 (eff. Jan. 1, 2020).  Petitioner alleges that at the time he entered his plea in the 1984 Case, he was not informed of any future consequences of his plea (including any future benefits), and that his plea assertedly is void as against public policy per Section 1016.8.  (Petition at 3).

**II.    DISCUSSION**[2]

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") allows a district court to dismiss a petition if it

---

[2] The Court takes judicial notice of the dockets and records in:  (1) Slaughter v. Estelle, 9th Cir. Case No. 93-15499, including Slaughter v. Estelle, 24 F.3d 249 (9th Cir. 1994) (unpublished decision affirming denial of habeas petition challenging petitioner's conviction in the 1987 Case); (2) Slaughter v. LaMarque, 9th Cir. Case No. 01-70390 (denying petitioner leave to file a second or successive petition in the 1987 Case); and (3) the California Supreme Court, California Court of Appeal 1st Appellate District and California Court of Appeal 2nd Appellate District re petitioner's convictions, available via http://appellatecases.courtinfo.ca.gov.  See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

"plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." Rule 4 of the Habeas Rules. Based upon the Petition, Ninth Circuit and California state court records as to which the Court has taken judicial notice, and for the reasons discussed below, the Court orders petitioner to show cause why the Petition and this action should not be dismissed based upon petitioner's failure to name the proper respondent, his failure to exhaust state remedies, the untimeliness of the Petition, and/or because the Petition is successive.[3]

### A. The Petition Names the Wrong Respondent

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. See Rule 2(a) of the Habeas Rules; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Ortiz-Sandoval, 81 F.3d at 894.

Here, petitioner improperly names the People of the State of California as respondent. Petitioner's failure to name a proper respondent subjects the Petition to dismissal for lack of personal jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir.), cert. denied, 398 U.S. 914 (1970).

### B. The Petition Appears to Be Unexhausted

The Petition was not filed on the form approved for filing of petitions for writ of habeas corpus by a person in state custody under 28 U.S.C. section 2254,

---

[3]To the extent the Petition intends to challenge the judgments in both the 1987 Case and the 1984 Case, it also violates Rule 2(e) of the Habeas Rules which provides: "A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court."

and does not indicate whether petitioner has exhausted his claims by filing them first with the state courts. Although petitioner reports to have a petition, appeal or other matter pending, he has not specified what is/may be pending. See Petition at 6.

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22 (1982); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Park v. California, 202 F.3d 1146, 1150 (9th Cir.), cert. denied, 531 U.S. 918 (2000).

Title 28, United States Code, section 2254(b)(1), explicitly provides that a habeas petition brought by a person in state custody shall not be granted unless it appears that:

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B) (I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Exhaustion requires that a petitioner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. See Baldwin v. Reese, 541 U.S. 27, 29 (2004); James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994). A claim has not been fairly presented unless the petitioner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Anderson v. Harless, 459 U.S. 4, 6 (1982); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999).

Generally, a claim has not been fairly presented if it has been raised "in a procedural context in which its merits will not be considered." Castille v. Peoples, 489 U.S. 346, 351 (1989). If, however, it is clear that a claim is procedurally

barred under state law, then no state remedies remain available and the requisite exhaustion exists. See Castille v. Peoples, 489 U.S. at 351-52; Johnson v. Zenon, 88 F.3d 828, 831 (9th Cir. 1996).

Here, the California Supreme Court's docket reflects that petitioner filed his most recent habeas petition with the California Supreme Court in Case No. S218833 in 2014. On the current record, it appears that the Petition is unexhausted.

### C. The Petition Appears to Be Time-Barred

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs all petitions for writs of habeas corpus filed in federal court after its enactment. Lindh v. Murphy, 521 U.S. 320, 327 (1997). AEDPA instituted a one-year statute of limitations for the filing of habeas petitions by persons in state custody. 28 U.S.C. § 2244(d)(1). The one-year limitation period runs from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review (28 U.S.C. § 2244(d)(1)(A)); (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action (28 U.S.C. § 2244(d)(1)(B)); (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review (28 U.S.C. § 2244(d)(1)(C)); or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence (28 U.S.C. § 2244(d)(1)(D)).

For prisoners like petitioner whose convictions became final prior to AEDPA's effective date, April 24, 1996, a one-year grace period applies. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir.), cert. denied, 534 U.S. 978 (2001).

///

Accordingly, the statute of limitations commenced to run on April 25, 1996, unless subsections B, C or D of 28 U.S.C. § 2244(d)(1) apply.

Subsection B of 28 U.S.C. § 2244(d)(1) has no application in the present case. Petitioner does not allege, and this Court finds no indication, that any illegal state action prevented petitioner from filing the present Petition sooner.

Subsection C of 28 U.S.C. § 2244(d)(1) also has no application in the present case. While petitioner's claim purports to rely on newly enacted California law (Petition at 6), it is not predicated on a constitutional right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Subsection D of 28 U.S.C. § 2244(d)(1) also does not afford petitioner a later accrual date for the statute of limitations. Under Section 2244(d)(1)(D), the statute of limitations commences when a petitioner knows, or through the exercise of due diligence could discover, the factual predicate of his claims, not when a petitioner learns the legal significance of those facts. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001); see also Redd v. McGrath, 343 F.3d 1077, 1084 (9th Cir. 2003). Here, petitioner's claims arise from facts which should have been known to petitioner at the time he entered into the agreed upon disposition in 1984, and certainly by the time he was subjected to an enhanced sentence in the 1987 Case.

Title 28 U.S.C. § 2244(d)(2) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year statute of limitations period. Petitioner "bears the burden of proving that the statute of limitations was tolled." Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010), cert. denied, 564 U.S. 1019 (2011). The statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case pending during that interval. Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) (citations omitted).

Here, the record does not reflect that petitioner is entitled any statutory tolling. It does not appear that petitioner filed any state applications during the limitations period.

In addition to statutory tolling, the limitations period may also be subject to equitable tolling if petitioner can demonstrate both that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010). It is a petitioner's burden to demonstrate that he is entitled to equitable tolling. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir.), cert. denied, 537 U.S. 1003 (2002). To date, it does not appear from the Petition or the current record that petitioner has met his burden to demonstrate that he is entitled to tolling sufficient to render the Petition timely.

Finally, in rare and extraordinary cases, a plea of actual innocence can serve as a gateway through which a petitioner may pass to overcome the statute of limitations otherwise applicable to federal habeas petitions. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013); see also Lee v. Lampert, 653 F.3d 929, 934-37 (9th Cir. 2011) (en banc). "[A] petitioner does not meet the threshold requirement unless he [or she] persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him [or her] guilty beyond a reasonable doubt." Perkins, 569 U.S. at 386 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

In order to make a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324. The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." Lee, 653 F.3d at 938 (internal quotations omitted; citing House v. Bell, 547 U.S. 518, 538 (2006)). On this record, the court "must make a 'probabilistic determination about what

reasonable, properly instructed jurors would do.'" House, 547 U.S. at 538 (quoting Schlup, 513 U.S. at 329). Unexplained or unjustified delay in presenting new evidence is a "factor in determining whether actual innocence has been reliably shown." Perkins, 569 U.S. at 387, 399; Schlup, 513 U.S. at 332 ("A court may consider how the timing of the submission and the likely credibility of a [petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence]."). Here, petitioner has thus far failed to identify any such "newly discovered evidence," let alone, provide new, reliable evidence to cast doubt on his conviction so as to permit the Court to consider his apparently otherwise time-barred claim.

### D. The Petition Appears to Be Successive

To the extent the Petition is challenging the enhanced sentence imposed in the 1987 Case, the Petition is successive, since petitioner filed a prior federal habeas petition challenging the conviction in the 1987 Case in Slaughter v. Estelle which was disposed of on the merits. See id., 24 F.3d at 249.

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).

///

Given petitioner's prior federal habeas action challenging the conviction in the 1987 Case, the current Petition is successive to the extent it challenges the sentence imposed in the 1987 Case. A PACER search of the Ninth Circuit docket does not reflect that the Ninth Circuit has ever granted petitioner leave to file a second or successive petition challenging the judgment in the 1987 Case and instead reveals that in 2001, the Ninth Circuit appears to have denied petitioner leave to do so. See supra note 2. Since petitioner filed the Petition without authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it to the extent it challenges the judgment in the 1987 Case.

### III. ORDERS

In light of the foregoing, petitioner is ORDERED TO SHOW CAUSE by not later than **May 20, 2020**, why the Petition and this action should not be dismissed based on the above-referenced deficiencies. Petitioner is advised that he has the right to submit declarations, affidavits, or any other relevant evidentiary materials with his response to this Order to Show Cause. All affidavits and declarations must be signed under penalty of perjury by persons having personal knowledge of the facts stated in the affidavits or declarations.

Instead of filing a response to the instant Order to Show Cause, petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). If he elects to proceed in that manner, he may sign and return the attached Notice of Dismissal. However, petitioner is advised that any dismissed claims may later be subject to dismissal with prejudice as time-barred under 28 U.S.C. § 2244(d)(1).

**Petitioner is cautioned that the failure timely to respond to this Order to Show Cause and/or to show good cause may result in the dismissal of the Petition and this action based on one or more of the above-referenced**

///
///

**deficiencies, petitioner's failure to comply with the Court's order, and/or petitioner's failure to prosecute.**

IT IS SO ORDERED.[4]

DATED: April 30, 2020

/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

Attachment

---

[4]The Court's determinations and order herein constitute non-dispositive rulings on pretrial matters. To the extent a party disagrees with such non-dispositive rulings, such party may file a motion for review by the assigned District Judge within fourteen (14) days. See Local Rule 72-2.1. To the extent a party believes the rulings to be dispositive, rather than non-dispositive, such party has the right to object to this Court's determination that the rulings are non-dispositive within fourteen (14) days. A party will be foreclosed from challenging the rulings herein if such party does not seek review thereof, or object thereto.