UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY L. SLAUGHTER,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | Case No. 2:20-cv-01552-JAK-JC<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ Habeas Corpus ("Petition"), all of the records herein, and the August 26, 2020 Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"). The Court approves and accepts the Report and Recommendation.

    The Court further notes the following: This Court originally approved and accepted the Report and Recommendation and dismissed this action without prejudice on October 1, 2020 ("Prior Orders") and Judgment was originally entered accordingly on October 2, 2020 ("Prior Judgment"). However, on July 15, 2021, this Court issued an Order ("July Order") vacating the Prior Order and Prior

Judgment at petitioner's request, directing the Clerk contemporaneously to serve him with the Report and Recommendation at his updated address (his current address of record), and directing petitioner to file any objections to the Report and Recommendation within twenty (20) days, *i.e.*, by not later than August 4, 2021. The July Order was contemporaneously sent to petitioner at his current address of record. (See Docket No. 20). The copy of the July Order that was sent to petitioner at his current address of record was returned undeliverable on August 6, 2021. (See Docket No. 21).

Pursuant to Local Rule 41-6, a party proceeding *pro se* is required to keep the Court apprised of his current address at all times. Local Rule 41-6 provides in pertinent part:

> A party proceeding *pro se* must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a *pro se* plaintiff at his address of record is returned by the Postal Service as undeliverable and the *pro se* party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

As noted above, the July Order was returned by the Postal Service as undeliverable and plaintiff has not filed a notice of change of address within 14 days of the service date of the July Order. Indeed more than a month has passed since the July Order was served, but to date, plaintiff has not notified the Court of his new address.

The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). In determining whether to dismiss an action for failure to prosecute, a district court must consider

several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant/respondent; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

    Here, the first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely based on plaintiff's failure to notify the Court of his correct address. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal of action for lack of prosecution pursuant to local rule which permitted such dismissal when pro se plaintiff failed to keep court apprised of correct address; "It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not."). The third factor, risk of prejudice to the respondent, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the Court's inability to communicate with plaintiff based on his failure to keep the Court apprised of his current address, no lesser sanction is feasible. See Musallam v. United States Immigration Service, 2006 WL 1071970 (E.D. Cal. Apr. 24, 2006).

///

IT IS THEREFORE ORDERED that the Petition and this action are dismissed without prejudice for the reasons explained in the Report and Recommendation and for failure to prosecute and that Judgment be entered accordingly.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on petitioner and on any counsel for respondent.

DATED: __August 27 2021__

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE